United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re: The Matter of Christopher White, as Owner of a 1996 Baja Marine Outlaw, for Exoneration From or Limitation of Liability | § § § § § § | Cause No. 5:19cv0362 _____ |

**Verified Complaint and Petition for
Exoneration From or Limitation of Liability**

Petitioner, Christopher White, as owner and operator of a 24 foot, 1996 Baja Marine Outlaw, identification number AGC35039D696, and its engines, gear, tackle, etc. (collectively the "Vessel"), brings this Verified Complaint and Petition for Exoneration From or Limitation of Liability (the "Complaint") pursuant to 46 U.S.C. §§ 30501, *et seq*. In support thereof, Petitioner shows the Court as follows:

**JURISDICTION & VENUE**

1.     This is an action for exoneration from or limitation of liability under the purview of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*,. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. This Court has admiralty jurisdiction by virtue of the Limitation of Liability Act itself. 46 U.S.C. §§ 30501, *et seq*.; *Richardson v. Harmon*, 222 U.S. 96, 106 (1911) (holding that the Limitation of Liability Act, as amended, applied to "all claims arising out of the conduct of the matter and crew, whether the liability be strictly maritime or from a tort non-maritime…").

2. The Vessel has not been arrested, libeled, or attached to answer for any claims arising on or after the Vessel's relevant voyage, nor has Petitioner been sued with respect to the voyage. Accordingly, venue is proper in this District and Division pursuant to Rule F(9) of the Supplemental Rules because the Vessel is located in the District and Division.

## PARTIES & VESSEL

3. Petitioner is an individual who resides in New Braunfels, Comal County, Texas, and is, and was at all material times, the owner and operator of the Vessel.

4. At all material times hereinafter mentioned, the Vessel was and is a recreational cruiser-type vessel of the following description:

| **ID No.** | AGC35039D696 |
| **Registration No.** | TX 6003HS |
| **Length** | 24 feet |
| **Year Built:** | 1996 |

At all times applicable, the Vessel complied with applicable regulations. Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel in all respects seaworthy and, at all times material hereto, the Vessel was, in fact and when applicable, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, and all respects seaworthy, in good order and condition, and suitable for the service in which the Vessel was engaged.

5. The Vessel was not damaged during the voyage described herein.

6. As shown in the attached Declaration, attached as **Exhibit A** and incorporated by reference, the Vessel and all of its appurtenances, excluding pending freight, had an agreed insured value of FIFTEEN THOUSAND AND 00/100 U.S. DOLLARS ($15,000) immediately following the voyage described herein. Petitioner purchased the Vessel in April 2016 for approximately $10,000.

7. The Vessel was a recreational vessel and was used by Petitioner as such on the voyage in question. As such, there was no pending freight for the voyage described herein.

## BACKGROUND FACTS

8. The Vessel commenced a voyage on or about July 3, 2018 in the vicinity of the Canyon Lake Marina, on Canyon Lake near Canyon Lake, Texas, which ended on or about July 3, 2018 at the same location. During the course of said voyage, a third-party passenger named Taylor Castillo was allegedly injured by the Vessel's propeller when she entered the water behind the Vessel without Petitioner's knowledge.

9. The above-described events, and all death, injury, loss, cost, expense, damage, or destruction, if any, arising out of or related to the above-described events, were not caused or contributed to by any fault, negligence, or lack of due care or diligence on the part of Petitioner, the design or condition of the Vessel, or any unseaworthiness or fault of the Vessel, or any person in charge of the Vessel, or any person for whom Petitioner was or is responsible.

10. The above-described incident, and all alleged death, injury, loss, cost, expense, damage, or destruction, if any, sustained by any and all persons or entities

which may have resulted from the above-described incident, could only have been caused, done, contributed to, occasioned and/or incurred without the privity or knowledge of Petitioner.

11. Rather, the above-described incident, and all death, injury, loss, cost, expense, damage, or destruction, if any, arising out of or related to the above-described incident, which are denied, are due to and/or caused by the fault, negligence, or lack of due care or diligence of others for whom Petitioner is not responsible.

## CLAIMS AGAINST PETITIONER

12. However, Petitioner now has a reasonable basis to believe that claims will be asserted and prosecuted against him in amounts exceeding the total sum he may be required to pay under the laws of the United States relating to the exoneration from or limitation of a shipowner's liability.

13. As a result of the alleged incident, on October 11, 2018 counsel for Ms. Castillo transmitted a letter to Petitioner, which served as Petitioner's first written notice of a potential claim against Petitioner for damages arising out of the voyage. No other person has given written notice concerning any claim against Petitioner with respect to the voyage in question.

14. Pursuant to Rule F(1), this Complaint is filed within the running of six months from the date Petitioner first received written notice of a limitable claim.

15. Except as described above, Petitioner is, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against the Vessel in connection with the incident made the subject of this Complaint. To the

best of Petitioner's knowledge, no warrant of arrest of any other process has been issued for the Vessel.

## PETITION FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

16. Petitioner desires to contest any claim asserted against him, and the liability of the Vessel, if any, for such death, injury, loss, cost, expense, damage, or destruction occasioned or incurred on the above-described voyage, and Petitioner further claims exoneration or exemption from liability for any and all death, injury, loss, cost, expense, damage, or destruction, if any, caused by, arising out of, occasioned, or incurred as a result of the aforesaid casualty and for any and all claims therefor. Petitioner alleges that he has valid defenses thereto on the facts and on the law to the claims of any present and/or future claimant.

17. Alternatively, Petitioner, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in The Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*., and the various statutes supplemental thereto and amendatory thereof, and Rule F of the Supplemental Rules, and any and all Acts of Congress amendatory thereof and supplementary thereto, and the rules and practice of this Court and the Supreme Court of the United States.

18. While not in any way admitting that Petitioner bears any liability for any death, injury, loss, cost, expense, damage, or destruction occurring, if any, Petitioner claims and is entitled to have his liability, if any, limited to the amount or value of his interest as aforesaid in the Vessel immediately after the aforesaid

voyage, and to that end Petitioner will deposit with the Court, as security for the benefit of potential claimants, an *Ad Interim* Stipulation, as security for the amount of the value of his interest in the Vessel as provided by the aforesaid statues, by the Federal Rules of Civil Procedure including the Supplemental Rules, and by the rules of practice of this Court.

19.     Should it later appear that Petitioner is or may be liable and that the amount or value of his interest in the Vessel is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Stipulation, saving to all such claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Court.

## *AD INTERIM* STIPULATION FOR VALUE

20.     Subject to an appraisal of his interests, Petitioner will deposit with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation in the sum of FIFTEEN THOUSAND AND 00/100 U.S. DOLLARS ($15,000), plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of Petitioner's interest in the Vessel, and pending freight, following the above-described voyage.

## PRAYER

For these reasons, Petitioner prays that:

(a)     upon filing of the above-described *Ad Interim* Stipulation, the Court issue an Order directing the issuance of a Monition and notice to all persons who

might have any claim resulting from the alleged casualty or during the voyage on which the Vessel was then engaged, citing them to file their respective claims with the Clerk of this Court, and to serve copies of said claims upon the attorney for Petitioner on or before the time fixed by this Court or be forever barred and permanently enjoined from making and filing any such claims, to make proof of their claims before this Court, and to appear and answer the allegations of this Complaint;

(b) upon filing of the above-described *Ad Interim* Stipulation, the Court issue an injunction restraining the filing, commencement, and further prosecution of all proceedings (except in the present proceeding) to recover for damages allegedly arising out of the voyage on which the Vessel was then engaged, against Petitioner, its underwriters, agents, representatives, or any other property of Petitioner whatsoever, or any persons for whom Petitioner may be responsible, or the Vessel, in respect of any claim arising out of the voyage, whether *in personam* or *in rem*;

(c) if any claimant files an exception controverting the value of the Vessel in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the Vessel and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioner's interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, this Court enter an Order for payment into the Court of the higher value of Petitioner's interests therein, or for

the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

(d) the Court, assuming that a claim is filed in this proceeding against Petitioner, its underwriters, agents, representatives, or any other person whatsoever for whom Petitioner may be responsible, or the Vessel, adjudge:

    i. Petitioner, its underwriters, and the Vessel are not liable to any extent for any injury or loss in any way arising out of the alleged occurrence, and that the Vessel and Petitioner are exonerated from any and all liability which may be claimed as a result of the events in question;

    ii. Alternatively, if Petitioner, its underwriters, and/or the Vessel be adjudged liable, then that such liability be limited to the value of Petitioner's interest in the Vessel, and her pending freight, if any, for the voyage in which the Vessel was engaged at the time of the events in question, and that the money to be paid be divided *pro rata* among such claimants as may prove their claims, if any, before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioner, its underwriters, and the Vessel from all further liability; and

(e) Petitioner have such other and further relief as the justice of the cause may require.

DATED: April 8, 2019.

    Respectfully submitted,

*/s/ Michael E. Streich*
Michael E. Streich
Texas Bar No. 24079408
Fed ID 1339959
Michael.Streich@phelps.com
500 Dallas Street, Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388

**ATTORNEY FOR PETITIONER**

**OF COUNSEL:**

**PHELPS DUNBAR, LLP**

PD.25679368.1